**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WINSTON HOLLOWAY,
ADC # 67507                                                                                                          PLAINTIFF

v.                                      CASE NO. 5:10-cv-00067-BSM-JJV

REX GAYLON LAY, Warden, Cummins
Unit, Arkansas Department of Correction;
and WILLIAM STRAUGHN, Assistant Warden,
Cummins Unit, Arkansas Department of
Correction                                                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Winston Holloway, is an inmate in the Arkansas Department of Corrections' (ADC) Cummins Unit (Cummins). On March 11, 2010, he filed the present lawsuit pursuant to 42 U.S.C. § 1983, alleging the Defendants retaliated against him for exercising his constitutional rights. He names Cummins Warden Rex Lay and Assistant Warden William Straughn[1] as defendants. (*See* Doc. No. 16.) Plaintiff sues the Defendants in both their individual and official capacities. (*See id.*)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendants have filed

---

[1] According to the Defendants' Statement of Undisputed Facts, Straughn is the former Deputy Warden of Security at the Cummins Unit and currently the warden at the Maximum Security Unit. (*See* Doc. No. 61, ¶ 5.)

a motion for summary judgment in which they allege they are entitled to summary judgment as a matter of law. (Doc. No. 59.) In their motion, the Defendants allege that Plaintiff fails to meet his burden for establishing either his retaliatory transfer or retaliation claims. In the alternative, Defendants allege that they are entitled to qualified immunity as to Plaintiff's claims against them in their individual capacity and sovereign immunity as to Plaintiff's official capacity claims.

## I.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986); *Janis v. Bresheuvel*, 428 F.3d 795, 798-99 (8th Cir. 2005). Although the evidence is viewed in a light most favorable to the non-moving party, *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010), the non-moving party has the burden of going beyond the pleadings and, by affidavit or otherwise, producing specific facts that show that there is a genuine issue for trial. *Janis*, 428 F.3d at 799. A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case. *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

## II.    UNDISPUTED FACTS

In 2007, Plaintiff and another inmate sued Warden Lay and others. (Doc. No. 61,

Defts.' Statement of Facts, ¶¶ 11 & 12; *Holloway v. Magness*, Case No. 5:07cv00088). On June 23, 2008, Assistant Warden Straughn submitted a written recommendation to Warden Lay recommending that, due to Plaintiff's manipulative and troublesome attitude, Plaintiff be transferred from Cummins to the ADC's Maximum Security Unit. (*Id.*, ¶ 17.) Assistant Warden Straughn also believed that Plaintiff's attitude posed a possible security risk to the other inmates and prison staff. (*Id.*, ¶ 19.) Warden Lay approved the recommendation on June 24, 2008. (*Id.*, ¶ 18; *see* Doc. No. 59-1.) Sometime thereafter, Plaintiff was transferred to the general population at the Maximum Security Unit. (Doc. No. 61, Defts.' Statement of Facts, ¶ 21.)

Prior to his transfer, Plaintiff lodged numerous complaints concerning the Inmate Welfare Fund. (*Id.*, ¶ 28.) The Inmate Welfare Fund is a monetary fund managed by the central office of the ADC for the welfare of all ADC inmates. (*Id.*, ¶ 29.) The fund is used to make general improvements to inmate areas and to provide recreational activities. (*Id.*, ¶ 30.) The Inmate Council, a representative body of inmates at Cummins, makes suggestions to prison officials as to how the fund should be used at the unit. (*Id.*, ¶ 31.)

On September 21, 2009, Plaintiff was transferred back to Cummins. (*Id.*, ¶ 22.) Based upon the available space and job assignments, the Classification Committee determined that Plaintiff should be placed back in the general population. (Doc. No. 61, Defts.' Statement of Facts, ¶ 23.)

Depending on the inmate's eligibility and if space is available, individuals at Cummins may participate in hobbycrafts. (*Id.*, ¶¶ 24 & 25.) Following his transfer back to

Cummins, Plaintiff was required to resubmit for access to hobbycrafts as if he were a new prisoner. (Doc. No. 66, Plt.'s Statement of Facts, ¶ 3.) He is currently on the wait-list for hobbycraft activities. (Doc. No. 61, Defts.' Statement of Facts, ¶ 27.)

## III.   ANALYSIS

In his Amended Complaint, Plaintiff asserts that the Defendants retaliated against him for filing his 2007 lawsuit and complaints regarding the Inmate Welfare Fund when they had him transferred from Cummins and, upon his return, they further retaliated against him by placing him in less than desirable housing and denying him access to hobbycrafts. (Doc. No. 16, p. 6.) Defendants argue that Plaintiff has failed to meet his burden regarding his retaliatory transfer claim and that they are, therefore, entitled to summary judgment as a matter of law. Defendants also argue that Plaintiff fails to offer proof that they further retaliated against him upon his return to Cummins.

### A.   **Retaliatory Transfer**

Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that an individual prisoner may have in remaining housed in a particular prison. *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). Furthermore, it is well settled that prisoners do not enjoy a constitutional right to remain in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741 (1983); *Rouse*, 193 F.3d at 940; *Goff v. Burton* (*Goff II*), 91 F.3d 1188, 1191 (8th Cir. 1996) (affirming the district court's finding upon remand that the defendants retaliated against a prisoner by transferring the prisoner to a different prison); *Goff v. Burton* (*Goff I*), 7 F.3d

734, 737 (8th Cir. 1993) (reversed and remanded back for district court to apply the "but for" standard); *Murphy v. Mo. Dep't of Corr.*, 769 F.2d 502, 503 (8th Cir. 1985). Ordinarily, prison administrators may transfer a prisoner for whatever reason or for no reason at all. *Cornell v. Woods*, 69 F.3d 1383, 1387-88 (8th Cir. 1995); *Goff II*, 91 F.3d at 1191; *Goff I*, 7 F.3d at 737. Nevertheless, a prisoner may not be transferred in retaliation for the prisoner exercising a constitutionally protected right. *Rouse*, 193 F.3d at 940; *Cornell*, 69 F.3d at 1387; *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir. 1991.)

In order to prevail on a claim of retaliatory transfer, a prisoner must prove that "but for" an unconstitutional, retaliatory motive the prisoner's transfer would not have occurred. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). In other words, the prisoner will need to prove that a desire to retaliate was the actual motivating factor behind the prisoner's transfer. *Rouse*, 193 F.3d at 940.

The question now before the Court is whether "but for" Plaintiff's filing of his 2007 lawsuit and complaints concerning the Inmate Welfare Fund, Plaintiff's transfer from Cummins to the Maximum Security Unit would not have occurred. Defendants argue that Plaintiff's transfer was the result of problems arising from his "manipulative conduct and quarrelsome attitude." (*See* Doc. No. 60, p. 5.) In support of their argument, Defendants have submitted the June 23, 2008 transfer recommendation and declarations from Warden Lay, Assistant Warden Straughn, and Randy Patoka, the Recreational Supervisor at Cummins.

In his June 23, 2008 transfer recommendation, Assistant Warden Straughn states that

during the ten years Plaintiff had been at Cummins, Plaintiff had not been a severe disciplinary problem. (Doc. No. 59-1.) He noted that Plaintiff had, however, filed numerous complaints regarding the prison staff and activities at Cummins. (*Id.*) Straughn also stated in his recommendation that "[Plaintiff] tries to manipulate and intimidate staff for his benefit." He believed that Plaintiff and the prison administration would benefit if Plaintiff was transferred to a different unit. (*Id.*)

In their declarations, Warden Lay and Assistant Warden Straughn both describe Plaintiff as being manipulative and troublesome towards the prison staff and other inmates. (Doc. Nos. 59-2; 59-4.) They also believed that Plaintiff's manipulative and troublesome attitude could pose a risk toward the safety and security of the prison staff and inmates. (Doc. Nos. 59-2; 59-4.) Assistant Warden Straughn states that, prior to recommending Plaintiff's transfer, he received complaints from Plaintiff's fellow inmates, particularly members of the Inmate Council, regarding Plaintiff's attitude. (Doc. No. 59-2.) He also received complaints from the prison staff regarding Plaintiff's penchant for manipulating and lying to the staff. (*Id.*) Importantly, at the time he made this recommendation, Straughn was not aware of Plaintiff's 2007 lawsuit.

Prior to Plaintiff's transfer, Warden Lay was aware of the staff complaint's regarding Plaintiff. (Doc. No. 59-4.) He also had received complaints from members of the Inmate Council regarding Plaintiff's negativity and disagreeable attitude. (*Id.*) Warden Lay indicated that, in 2008, he observed that Plaintiff did not like the make-up of the Inmate Council and would try to manipulate or intimidate the Inmate Council so as to get things his

way. (*Id.*) According to Warden Lay, the decision to transfer Plaintiff was not influenced by Plaintiff's lawsuit or complaints. (*Id.*) He specifically pointed out that since the filing of the lawsuit, Plaintiff's co-plaintiff had remained incarcerated at Cummins. (*Id.*)

Randy Patoka stated that, prior to Plaintiff's transfer, he spoke to Straughn about Plaintiff's manipulative and troublesome nature. (Doc. No. 59-3.) Based on his experience with Plaintiff, he believed that Plaintiff knew how to manipulate the prison staff against one another in a manner that might result in problems developing between the staff and inmates. (*Id.*) As an example of Plaintiff's behavior, he described an incident where after he denied Plaintiff's request to organize a volleyball tournament, Plaintiff became upset and managed to convince another staff member that Patoka had denied his request due to personal reasons. (*Id.*) In fact, Patoka denied Plaintiff's request because the Inmate Council had recently held a tournament and it was not yet time for another. (*Id.*)

An inmate's conduct, in general or in specific instances may often be a major factor in a prison official's decision to transfer the prisoner. *Meachum v. Fano*, 427 U.S. 215, 228, 96 S. Ct. 2532 (1976). The Defendants rely on *Ponchik v. Bogan*, 929 F.2d 419 (8th Cir. 1991) and *Hazen v. Reagen*, 16 F.3d 921 (8th Cir. 1994), as further support for their assertion that Plaintiff's transfer was the result of his "manipulative conduct and quarrelsome attitude." In *Ponchik*, the United States Court of Appeals held that, although the fact that the plaintiff had filed two lawsuits against prison officials was a factor in the plaintiff's transfer, the district court correctly applied the "but for" test when it determined that, even if, the plaintiff had not filed his lawsuits, the plaintiff's transfer would have occurred because of the

8

plaintiff's serious and repetitive misconduct. *Ponchik*, 929 F.2d at 420.

In *Hazen*, under the Interstate Corrections Compact, the plaintiff was transferred from the Iowa State Penitentiary to a prison in Florida. *Hazen*, 16 F.3d at 922. The plaintiff believed that his transfer was in retaliation for his and other inmate complaints alleging that prison officials were failing to abide by a 1982 consent decree. *Id.* at 924. The transfer request indicated that the plaintiff was being transferred based on his manipulation of the system. *Id.* The request also stated that the transfer would give the plaintiff "an opportunity to change his attitude and direction." *Id.* The court in *Hazen*, found that the plaintiff was transferred because prison officials reasonably believed he was a troublesome, manipulative inmate and that the plaintiff failed to prove "but for" his exercise of his constitutional rights his transfer would not have occurred. *Id.* at 925-26.

After viewing the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff fails to produce specific facts showing that "but for" his filing of the 2007 lawsuit and complaints, his transfer to the Maximum Security Unit would not have occurred. In response to the Defendants' motion, Plaintiff submits two one-page excerpts from the Defendants' deposition testimony. Plaintiff makes much ado about nothing out of Assistant Warden Straughn's testimony stating that Plaintiff uses litigation as a threat towards the prison staff. The Court finds that this statement fails to demonstrates that retaliation for Plaintiff's prior litigation and complaints was the motivating factor for Plaintiff's transfer. The Court also finds that the excerpt from Warden Lay's deposition fails to create a genuine issue of material fact.

9

Plaintiff fails to prove that "but for" his exercise of his constitutional rights, his transfer would not have occurred. There are no genuine issues of material fact to be tried and the Defendants are entitled to summary judgment as a matter of law as to Plaintiff's retaliatory transfer claim.

**B.     Retaliation**

Plaintiff also alleges that, upon his return to Cummins, Defendants further retaliated against him when he was not assigned to the barracks in which he was housed prior to his transfer and had to resubmit for hobbycraft privileges. Defendants argue that Plaintiff fails to offer proof that his housing assignment and loss of hobbycraft privileges upon his return were in retaliation for his 2007 lawsuit and complaints. In order to prevail on his § 1983 retaliation claim, Plaintiff must prove that he engaged in a protected activity, and that the Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Plaintiff's point of contention is that the living conditions of his current barracks are not as comfortable as those in his old barracks. (Doc. No. 59-5.) He also believes he should be allowed to move to the top of the list for hobbycrafts based on his previous stint at Cummins.

Plaintiff's claims generally fail because inmates do not have a constitutional right to a particular classification or housing assignment. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986). Plaintiff also fails to offer proof that this change in barracks or his placement on the wait-list would chill a person of ordinary firmness from exercising their constitutional

rights. The Court finds that, as to Plaintiff's retaliation claim, he fails to produce specific facts creating genuine issues of material fact for a trial and the Defendants are also entitled to summary judgment as a matter of law.

### C. Alternative Arguments

In the alternative, the Defendants assert that they are entitled to qualified immunity as to Plaintiff's individual capacity claims and sovereign immunity as to Plaintiff's official capacity claims. Because the Defendants are entitled to summary judgment on Plaintiff's retaliatory transfer and retaliation claims, the Court finds these alternative arguments are now moot.

### IV. CONCLUSION

After careful review of the Defendants' Motion for Summary Judgment (Doc. No. 59), the Court finds there are no genuine issues of material fact to be tried and the Defendants are entitled to summary judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that:

1. The Defendants' Motion for Summary Judgment (Doc. No. 59) should be GRANTED.

2. Plaintiff's Amended Complaint (Doc. No. 16) should be DISMISSED with prejudice.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations, and the accompanying judgment, would not be taken in good faith.

DATED this 24th day of October, 2011.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE